IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NINA C.,[1]                                    3:20-cv-00374-BR

          Plaintiff,                      OPINION AND ORDER

v.

Commissioner, Social Security
Administration,

          Defendant.


**GEORGE J. WALL**
**CAITLIN S. LAUMAKER**
Law Offices of George J. Wall
825 N.E. 20th Avenue
Suite 330
Portland, OR 97232
(503) 236-0068

          Attorneys for Plaintiff

**SCOTT ASPAUGH**
Acting United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**LISA GOLDOFTAS**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3858

       Attorneys for Defendant

**BROWN, Senior Judge.**

       Plaintiff Nina C. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

       For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

       Plaintiff filed an application for SSI on June 14, 2017, and alleged a disability onset date of July 1, 2015. Tr. 459.[2]  The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on January 3, 2019. Tr. 323-52. Plaintiff was represented by an attorney at the

---

      [2] Citations to the official transcript of record filed by the Commissioner on September 2, 2020, are referred to as "Tr."

2 - OPINION AND ORDER

hearing.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on January 17, 2019, in which he found Plaintiff is not disabled, and, therefore, Plaintiff is not entitled to benefits.  Tr. 15-22.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on January 8, 2020, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-7.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on January 4, 1975, and was 43 years old at the time of the hearing.  Tr. 459.  Plaintiff has a GED. Tr. 881.  The ALJ found Plaintiff does not have any past relevant work experience.  Tr. 310.

Plaintiff alleges disability due to "type I diabetes with peripheral neuropathy, degenerative disc disease of the lumbar spine, chronic pancreatitis, a substance use disorder, [Posttraumatic Stress Disorder] PTSD, anxiety, depression, a schizoaffective disorder, and borderline personality disorder." Pl.'s Br. at 2.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 305-08.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). *See also Keyser v. Comm'r of*

5 - OPINION AND ORDER

*Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(c).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 416.945(a).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885

F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work she has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).
*See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also
Keyser*, 648 F.3d at 724.  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.  *Lockwood v.
Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony of
a VE or by reference to the Medical-Vocational Guidelines set
forth in the regulations at 20 C.F.R. part 404, subpart P,
appendix 2.  If the Commissioner meets this burden, the claimant
is not disabled.  20 C.F.R. § 416.920(g)(1).

**II.  Evaluation of Drug and Alcohol Abuse.**

A claimant is not considered disabled if drug addiction or
alcoholism is a contributing factor material to the determination
of disability.  42 U.S.C. § 1382c(a)(3)(J).  *See also Bustamante
v. Massanari,* 262 F.3d 949, 955 (9th Cir. 2001).  Substance abuse
is a material factor when the claimant's remaining limitations
would not be disabling if the claimant stopped using drugs or

alcohol.  20 C.F.R. § 404.1535(b).

If the claimant is found to be disabled and there is medical evidence of substance abuse, the ALJ must determine whether drug addiction or alcoholism "is a contributing factor material to the determination of disability."  20 C.F.R. § 404.1535(a).  To assess the materiality of drug or alcohol abuse,

> an ALJ must first conduct the five-step inquiry
> without separating out the impact of alcoholism or
> drug addiction.  If the ALJ finds that the
> claimant is not disabled under the five-step
> inquiry, then the claimant is not entitled to
> benefits . . . .  If the ALJ finds that the
> claimant is disabled and there is medical evidence
> of his drug addiction or alcoholism[,] then the
> ALJ should proceed under § 404.1535 or 416.935 to
> determine if the claimant would still [be found]
> disabled if he stopped using alcohol or drugs.

*Bustamante*, 262 F.3d at 955 (internal quotation omitted).  In effect, the ALJ must make a second five-step sequential inquiry to "evaluate which of [the claimant's] current physical and mental limitations, upon which [the ALJ] based [the] current disability determination, would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the claimant's] remaining limitations would be disabling."  20 C.F.R. § 404.1535(b)(2).  *See also Bustamante*, 262 F.3d at 955.

In such materiality determinations, the claimant bears the burden to prove that drug addiction or alcoholism is not a contributing factor material to the disability.  *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her June 17, 2014, application date.  Tr. 300.

At Step Two the ALJ found Plaintiff has the severe impairments of "history of alcohol and drug abuse, diabetes mellitus with neuropathy, lumbar degenerative disc disease, and anxiety."  Tr. 300.  The ALJ found Plaintiff's impairments of pancreatitis, depression, PTSD, schizotypal personality disorder, and borderline personality disorder are nonsevere and Plaintiff's "history of cervical cancer" and pyelonephritis were not medically determinable impairments during the relevant period. Tr. 301.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff has the RFC to perform medium work with the following limitations:

> [S]imple, repetitive, routine tasks, with no contact with the general public.  However, due to recurring alcohol and drug abuse, as well as the ongoing need to participate in drug and alcohol abuse recovery, the claimant would likely miss more than two days of work a month.

Tr. 304.

At Step Four the ALJ found Plaintiff does not have any past relevant work.  Tr. 310.

At Step Five the ALJ concluded Plaintiff does not have an RFC sufficient to perform jobs that exist in significant numbers in the national economy because of her substance-abuse disorders. Tr. 310.

In accordance with 20 C.F.R. §§ 404.1535(a) and 416.935(a) the ALJ then performed the sequential analysis a second time. Considering only the impairments and limitations that would remain if Plaintiff stopped using drugs and alcohol, the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 311.

The ALJ found at Step Three that Plaintiff has the RFC to perform medium work and is limited to "simple, repetitive, routine tasks with no contact with the general public."  Tr. 313.

At Step Four the ALJ concluded Plaintiff does not have any past relevant work experience.  Tr. 317.

At Step Five the ALJ found Plaintiff would have the RFC to perform jobs that exist in significant numbers in the national economy if she stopped using drugs and alcohol.  Tr. 317.  Thus, the ALJ concluded Plaintiff is ineligible for benefits because drug addiction and alcoholism are contributing factors material to his determination of disability.  Tr. 318.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly

evaluated the materiality of Plaintiff's substance abuse and
(2) partially rejected the opinion of Caleb Burns, Ph.D.,
examining psychologist.

**I.    The ALJ did not err when he evaluated the materiality of Plaintiff's substance abuse.**

Plaintiff contends the ALJ erred when he improperly
evaluated the materiality of Plaintiff's substance abuse.
Specifically, Plaintiff asserts the only symptoms and limitations
that the ALJ attributed "solely or at least primarily" to
Plaintiff's substance-abuse disorder were paranoia and suicidal
ideation.  Plaintiff, however, asserts the record reflects
Plaintiff's paranoia and depression are persistent regardless
whether she is sober.  Moreover, Plaintiff contends the record
does not establish Plaintiff's paranoia and depression would
improve to the point that she would not be disabled absent her
substance abuse.  Plaintiff relies on a number of notes by
various medical providers to support her assertion, but a number
of these notes indicate drug use could cause Plaintiff's symptoms
to increase.  For example, on December 16, 2016, Melissa LeBlanc,
M.D., treating physician, noted Plaintiff had a "depressed mood."
Tr. 666.  Dr. LeBlanc noted:  "With concurrent substance use[,]
concern is that while [Plaintiff] does not have a plan [to commit
suicide] now and does not plan to act[,] that in the setting of
substance use this may change."  Tr. 666.  On April 11, 2017,
Tracy Bitz, P.M.H.N.P., treating mental-health provider, reported

11 - OPINION AND ORDER

Plaintiff stopped Cymbalta, "did not start lexapro as [they] discussed," and was using methamphetamine "intermittently." Tr. 1191.  In early May 2017 Plaintiff was placed on a "county hold" due to attempted suicide, and she was admitted to the psychiatric ward at St. Vincent's Hospital.  Tr. 1083.  Plaintiff reported she had "relapsed and had drank alcohol" just before her suicide attempt.  Tr. 1147.  On May 18, 2017, James Reuther, M.D., treating physician, noted Plaintiff was diagnosed with pyelonephritis and treated with antibiotics.  In addition, Patrick Gaston, M.D., treating physician, noted Plaintiff was suffering from "[s]evere protein-calorie malnutrition." Tr. 1151.  Dr. Reuther noted on May 18, 2017, that "some" of Plaintiff's suicidal feelings "may have been contributed to by her [pyelonephritis].  As her medical condition has improved, her depression has also improved."  Tr. 1149.  After her May 2017 suicide attempt Plaintiff underwent a period of sobriety. Plaintiff began mental-health treatment, obtained housing, and attended therapy sessions.  On July 3, 2017, Plaintiff reported she was "keeping busy with groups and appointments."  Tr. 1004. On July 20, 2017, P.M.H.N.P. Bitz noted Plaintiff had "much overall improvement, but this is in contrast to [Plaintiff's] continued perception of intense distress."  Tr. 968.  On September 21, 2017, P.M.H.N.P. Bitz noted Plaintiff was "showing gradual improvement in functioning," including with her

"anxiety/panic."  Tr. 919.  On September 22, 2017, Kian Kolahl,
Q.M.P.H., treating mental-health provider, noted Plaintiff's
symptoms were "much improved over time especially with permanent
housing."  Tr. 914.  The record, however, reflects Plaintiff
relapsed at some point before January 24, 2018, and began using
methamphetamine and alcohol.  On January 24, 2018, Plaintiff
attempted suicide.  Plaintiff reported "regular methamphetamine
use" and "regular alcohol use."  Tr. 1606.  Paul McMahon, M.D.,
treating physician, reported Plaintiff "presented to the
[emergency department] on 1/24 after [overdosing] on clonadine
and prazosin which she takes for her anxiety."  Tr. 1609.
Dr. McMahon noted Plaintiff's drug screen was positive for
methamphetamine, and Plaintiff "reported having 4 shots of vodka
that AM."  Tr. 1609.  Plaintiff reported using methamphetamine "a
few days before her OD," and the morning of her overdose she went
"to a neighbors to be social" and had "a few drinks."  Tr. 1610.
Plaintiff reported when she returned to her apartment "her mood
worsened significantly, she was tearful and decided" to commit
suicide.  Tr. 1610.  Plaintiff discussed her past suicide
attempts with Dr. McMahon and informed him that "except for x1
attempt during post-partum depression, all [of her] prior
[suicide attempts] have been under the influence of substances."
Tr. 1610.

    "[T]he claimant bears the burden of proving that drug or

13 - OPINION AND ORDER

alcohol addiction is not a contributing factor material to [her] disability." *Bender v. Saul*, 788 F. App'x 490, 491 (9th Cir. 2019)(quoting *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). Here Plaintiff's assertion that the ALJ erred in his "materiality analysis" essentially challenges the ALJ's interpretation of and decisions regarding the weight given to the evidence of Plaintiff's condition during periods of substance and alcohol abuse and her periods of abstention.  Even if reasonable minds could differ as to whether Plaintiff's mental disorders would improve to the point of nondisability in the absence of substance and alcohol abuse, the Ninth Circuit has made clear that when "evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  The ALJ noted medical providers have indicated Plaintiff's symptoms improved when she abstained from methamphetamine and alcohol, and the record reflects her symptoms worsen considerably when she does not abstain.  Thus, because the record as a whole could reasonably support the ALJ's decision, the Court upholds the ALJ's decision regarding materiality.  *See, e.g, Hiler v. Astrue*, 687 F.3d 1208, 1211 (9th Cir. 2012)(when the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, the court must affirm).

Accordingly, the Court concludes the ALJ did not err when he

found drug addiction and alcoholism are contributing factors
material to the determination as to whether Plaintiff is
disabled.

**II. The ALJ did not err when he partially rejected the opinion
of Dr. Burns.**

Plaintiff alleges the ALJ erred when he rejected the opinion
of Dr. Burns, examining psychiatrist.

"Because plaintiff filed her application[] after March 27,
2017, new regulations apply to the ALJ's evaluation of medical
opinion evidence." *Linda F. v. Saul*, No. C20-5076-MAT, 2020
WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020). "Under the
[new] regulations, an ALJ 'will not defer or give any specific
evidentiary weight, including controlling weight, to any
medical opinion(s) or prior administrative medical
finding(s)[.]'" *Linda F.*, 2020 WL 6544628, at *2 (quoting 20
C.F.R. §§ 404.1520c(a), 416.920c(a)). "A prior administrative
medical finding is a finding, other than the ultimate
determination about [disability], about a medical issue made by
. . . agency medical and psychological consultants at a prior
level of review . . . in [a] claim based on their review of the
evidence." 20 C.F.R. § 404.1513(a)(5). In addition, the new
regulations rescinded SSR 06-03p in which the Social Security
Administration "explained how [it] considers opinions and other
evidence from sources who are not acceptable medical sources
. . . . The [new] rules revised [this] polic[y]. . . . For

15 - OPINION AND ORDER

example, in claims filed on or after March 27, 2017, the final
rules state that all medical sources, not just acceptable medical
sources, can make evidence that [it] categorize[s] and
consider[s] as medical opinions." Rescission of Soc. Sec.
Rulings 96-2p, 96-5p, & 06-3p, SSR 96-2P 2017 WL 3928298, at *1
(S.S.A. Mar. 27, 2017).

"The ALJ must articulate and explain the persuasiveness of a
[medical] opinion or prior finding based on 'supportability'
and 'consistency,' the two most important factors in the
evaluation. *Linda F.*, 2020 WL 6544628, at *2 (quoting 20 C.F.R.
§§ 404.1520c(a), (b)(1)-(2)). "The 'more relevant the objective
medical evidence and supporting explanations presented' and the
'more consistent' with evidence from other sources, the more
persuasive a medical opinion or prior finding." *Linda F.*, 2020
WL 6544628, at *2 (quoting 20 C.F.R. §§ 404.1520c(c)(1)-(2)).

> The ALJ may but is not required to explain how
> other factors were considered, as appropriate,
> including relationship with the claimant (length,
> purpose, and extent of treatment relationship;
> frequency of examination); whether there is an
> examining relationship; specialization; and other
> factors, such as familiarity with other evidence
> in the claim file or understanding of the Social
> Security disability program's policies and
> evidentiary requirements.

*Linda F.*, 2020 WL 6544628, at *2 (quoting 20 C.F.R.
§§ 404.1520c(b)(2), (c)(3)-(5)). *But see* 20 C.F.R.
§ 404.1520c(b)(3)(when an ALJ finds two or more opinions about
the same issue are equally supported and consistent with the

16 - OPINION AND ORDER

record but not exactly the same, the ALJ must articulate how these "other factors" were considered).  Thus, the "new regulations require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors." *Linda F.*, 2020 WL 6544628, at *2 (citing 20 C.F.R. §§ 404.1520c(a), (b); 416.920c(a), (b)).  "At the least, this appears to necessitate that an ALJ specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion." *Linda F.*, 2020 WL 6544628, at *2.  Finally, the Court must also "continue to consider whether the ALJ's analysis has the support of substantial evidence." *Linda F.*, 2020 WL 6544628, at *2 (citing 82 Fed. Reg. at 5852).

On June 16, 2017, Dr. Burns completed a psychodiagnostic evaluation of Plaintiff.  Plaintiff reported before May 8, 2017, she "had been drinking 'pretty heavily,' . . . [at worst] a quart of tequila a day."  Tr. 884.  Plaintiff stated she stopped drinking and using methamphetamine on May 8, 2017, after she "took meth and a handful of mushrooms, psychedelics, and . . . drank wine."  Tr. 884.  Plaintiff noted she had been in treatment, "mostly AA," since May 8, 2017.  *Id*.  Plaintiff stated she lives in a women's shelter, does laundry, "tr[ies] to cook," grocery shops, goes to appointments, crochets, listens to music, talks to her half-brother and his wife, and goes to treatment

meetings.   Tr. 885-86.   Plaintiff stated over the previous two
weeks on a scale of one-to-ten (with one being "very depressed"
and ten being "very cheerful") she had been "about a 6.   I'm
better."   Tr. 887.   Plaintiff noted she had "stayed in bed for
weeks at a time with depression" in the past and had been
depressed since childhood.   Plaintiff stated she "has tried to
hurt herself many times," but she did not believe she would harm
herself in the future because she felt "life is hopeful."
Tr. 888.   Plaintiff "endorsed 10 out of 13 symptoms of panic" as
well as symptoms of PTSD.   Tr. 888.   Dr. Burns administered a
number of tests that indicated Plaintiff had "good reading
skills," "intact cognitive functioning," moderate depression, and
severe anxiety.   Tr. 889-90.   Dr. Burns concluded Plaintiff had
moderate recurrent major depression and was "benefiting [*sic*]
from psychiatric medication as well as ongoing mental health
therapy."   Tr. 890.   Dr. Burns also found Plaintiff has a panic
disorder that "has been very limiting for her (along with her
depression) in terms of maintaining ongoing employment."
Tr. 890.   Dr. Burns concluded Plaintiff

> is in the early stages of remission from substance
> abuse and it is certainly hoped that she will be
> able to maintain her non drinking and non-drug
> status in the future.   Continuing counseling and
> substance abuse treatment will help her in this.
>
>                        *   *   *
>
> Because of her mental health and physical
> limitations, [Plaintiff] does not seem to be

18 - OPINION AND ORDER

> employable in any competitive work setting for the
> foreseeable future, certainly not for the next 12
> months.  If she is placed in an employment
> situation, she will be unable to keep regular
> attendance, will be unable to behave in an
> emotionally appropriate fashion with the regular
> public, will be unable to withstand criticism on
> an ongoing basis, etc.

Tr. 890-91.

The ALJ found Dr. Burns's opinion was not persuasive because it was inconsistent with the record and/or unsupported by his findings.  Specifically, the ALJ found Dr. Burns's conclusion that Plaintiff would not be "be employable in any competitive work setting" because she would be unable to behave in an emotionally appropriate manner with the regular public or to withstand criticism was contradicted by his own findings and Plaintiff's daily activities.  For example, Dr. Burns found Plaintiff's attention and concentration were intact and her memory was good.  In addition, at the time of Dr. Burns's evaluation of Plaintiff, she was living successfully in a women's shelter with six roommates, regularly attending beading and art therapy sessions, speaking with her half-brother and his wife every day, and visiting with her half-brother every other week. The ALJ also noted Dr. Burns found Plaintiff was in the early stages of remission from substance abuse and hoped she would "be able to maintain her non drinking and non-drug status in the future," but the longitudinal record indicates Plaintiff relapsed and attempted suicide after using drugs and drinking alcohol.

19 - OPINION AND ORDER

Dr. Burns's opinion, therefore, was relatively unhelpful on the issue of Plaintiff's ability to maintain employment in the absence of substance abuse.

On this record the Court concludes the ALJ did not err when he partially rejected Dr. Burns's opinion because the ALJ provided clear and convincing reasons for doing so based on substantial evidence in the record.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 26th day of March, 2021.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge


20 - OPINION AND ORDER